```
                                                FILED
                                          JEANNE A. NAUGHTON, CLERK
UNITED STATES BANKRUPTCY COURT                 DEC 19 2017
DISTRICT OF NEW JERSEY                     U.S. BANKRUPTCY COURT
                                               CAMDEN, N.J.
                                           BY_____DEPUTY
```

| | |
|---|---|
| In re:<br><br>ZHEJIANG TOPOINT PHOTOVOLTAIC CO., LTD.,<br><br>Debtor. | Case No. 14-24549 (JNP)<br><br>Chapter 15 |
| ZHEJIANG TOPOINT PHOTOVOLTAIC CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ZHI CHEN and HENGHE NORTH AMERICAN, INC.,<br><br>Defendants. | Adv. Pro. No. 16-01873 |

## OPINION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Before the Court is the Motion (the "Motion") of Zhi Chen and Henghe North America, Inc. (the "Defendants") to dismiss all claims alleged by Zhejiang Topoint Photovoltaic Co., Ltd. ("Topoint") in its complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012, or for abstention pursuant to 28 U.S.C. §§ 1367(a) and 1334. The Defendants allege: (1) this Court does not have subject matter jurisdiction; (2) the causes of action are non-core; (3) if the Court does have subject matter jurisdiction, the Court should exercise its discretion and abstain from hearing the case; and (4) that the complaint fails to state a claim upon which relief can be granted. Topoint opposed the Motion, arguing that: (1) Topoint has adequately pled all causes of action in its complaint; (2) the Court has "related to" jurisdiction over this

1

adversary proceeding; (3) the complaint asserts a core claim; and (4) abstention is not appropriate. The Motion also questioned whether Topoint has authority to bring this suit under the terms of the Recognition Order. Topoint cross-moved for authorization to conduct the adversary proceeding pursuant to 11 U.S.C. § 1521(a)(7) (the "Cross-motion"). Because authorization to bring the complaint was an issue appropriately determined in the main case, the Court directed that the Debtor file a Motion to Amend the Recognition Order in the main case, rather than as part of the adversary proceeding. That motion was granted on May 3, 2017. Therefore, that portion of the Motion and the Cross-Motion are moot. For the reasons discussed below, the remainder of the Defendants' Motion is GRANTED, in part, and DENIED, in part.

## I. Background

For purposes of this Motion, the Court accepts the allegations in the Complaint as being true. See Ascroft v. Iqbal, 556 U.S. 662, 678 (2009). See also Giuliano v. Genesis Fin. Sols., Inc., 2012 WL 5614588 *1 (Bankr. D. Del. Nov. 15, 2012) (ruling on whether to grant a trustee's motion to dismiss a complaint containing non-core actions). Topoint is a corporation organized and existing under the laws of the People's Republic of China ("China"), with its principal place of business located in Haining City, Zhejuang Province, China. Defendant Henghe is a corporation organized in the United States, headquartered in New Jersey. Henghe filed a dissolution petition with the state of New Jersey on November 6, 2016. Defendant Zhi Chen founded Henghe and is an individual believed to be domiciled in New York.

On April 29, 2013, Henghe and Solergy USA LLC ("Solergy") entered into a contract for the sale of certain Topoint owned solar panels. On May 16, 2013, Henghe and Solergy entered into a

second contract, also for the sale of certain solar panels from Solergy to Henghe.[1] Both contracts set forth the terms under which Henghe could buy and resell solar panels from Solergy.

Topoint alleges that Mr. Chen then arranged for solar panels to be transferred to Henghe, which were then resold without compensating Solergy, who then failed to compensate Topoint. Topoint alleges that over 5.1 megawatts worth of panels were wrongfully transferred to Henghe in 2014 for "a supposed price" of $2,137,859.20, none of which was ever paid to Solergy.[2] Topoint further claims that, in actuality, theses panels were sold by Henghe to Aten Solar Corporation ("Aten") for a combined price of $2,672,234 between April 2013 and July 2014. Topoint claims that this malfeasance was only discovered after it filed the Chapter 15 case.

On July 16, 2014, Topoint filed this Chapter 15 bankruptcy proceeding. Solergy was named as a debtor of Topoint, and instead of giving Topoint those funds, Solergy assigned all rights, title, and interest in its claims for payment to Topoint via an assignment dated December 8, 2014.

On December 9, 2016, Topoint filed a complaint initiating this adversary proceeding. The complaint brought four causes of action against the Defendants: (1) conversion; (2) breach of fiduciary duty (against Mr. Chen); (3) turnover; and (4) unjust enrichment.

The Defendants filed a Motion to Dismiss, which Topoint has opposed.

## II. Discussion

### A. Subject Matter Jurisdiction

Bankruptcy Courts derive subject matter jurisdiction from federal statute, rather than Article III of the Constitution. See In re Resorts Int'l, Inc., 372 F.3d 154, 161 (3d Cir. 2004). Bankruptcy courts have subject matter jurisdiction over four types of matters: "(1) cases under title 11; (2)

---

[1] Topoint alleges that Mr. Chen induced the president of Solergy, Andy Fei, to sign these two contracts.
[2] Topoint claims this information was obtained from "fake invoices" created by Mr. Chen.

3

proceedings arising under title 11; (3) proceedings arising in a case under [title] 11; and (4) proceedings related to a case under [title] 11." In re Millennium Lab Holdings II, LLC, 562 B.R. 614, 621 (Bankr. D. Del. 2016).

The first category, cases under title 11, refers to the bankruptcy petition itself. See In re New Century Holdings, Inc., 505 B.R. 431, 440 (Bankr. D. Del. 2014).

The second category, a proceeding arising under title 11, is when the bankruptcy code "creates the cause of action or provides the substantive right invoked." Id. at 441. Examples of this include, but are not limited to, causes of action to recover fraudulent conveyances, avoidance actions to recover postpetition transfers, motions to obtain financing with priority over existing liens, and sales free and clear of liens. See Collier on Bankruptcy ¶ 3.01 (3)(e)(i) (16th ed. 2017).

The third category, a proceeding arising in title 11, exists if the proceeding could arise only in the context of a bankruptcy case. Century, 505 B.R. at 441. Examples of this type of proceeding include, but are not limited to, administrative matters such as allowance and disallowance of claims, orders in respect to obtaining credit, determining the dischargeability of a debt, and confirmation of plans. See Stoe v. Flaherty, 436 F.3d 209, 218 (3d Cir. 2006); Millennium, 562 B.R. at 621.

The final category, a proceeding "related to" a bankruptcy case, exists if the proceeding could conceivably have some impact on the administration of the debtor's estate, even if the claims involved do not relate directly to the debtor or its property. Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984). The First, Fifth, Eighth, Ninth, Tenth and Eleventh Circuits have adopted the Pacor definition of "related to" jurisdiction. Under this standard, whether a civil proceeding is related to the bankruptcy turns on whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Id. "An action is related to bankruptcy

if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Id.

Three of the four causes of action – conversion, breach of fiduciary, and unjust enrichment - are not under title 11, do not arise under a title 11 case, and do not arise in a title 11 case. Therefore, the Court could only have jurisdiction if those counts are "related to" the bankruptcy case.

The outcome of this adversary proceeding will likely have an effect on the estate. To fully administer the case, the Debtor seeks to liquidate the claims associated with the assignment, from Solergy to Topoint. If Topoint were successful on even some of its claims against Henghe and Mr. Chen, it would result in a larger distribution to creditors. Therefore, the Court has "related to" jurisdiction over the conversion, breach of fiduciary duty, and unjust enrichment counts.

Topoint also brings turnover as a cause of action against Henghe and Mr. Chen. Turnover is a cause of action created by the Bankruptcy Code. Pursuant to Section 542 of the Bankruptcy Code, any party in possession, custody or control of property of the debtor's estate, with knowledge of the commencement of the case, must turn over or deliver such property or the value thereof to the Trustee. 11 U.S.C. § 542. Since this cause of action is created within the Bankruptcy Code, it is a proceeding arising under title 11. New Century Holdings, Inc., 505 B.R. at 441.

Because all of the counts are either "related to" the bankruptcy case, or arise under title 11, the Court has subject matter jurisdiction.

### B. Core vs. Non-Core

Although the Court finds it has "related to" jurisdiction over the breach of fiduciary duty, conversion, and unjust enrichment claims, none of those counts are core claims. An illustrative

list of core proceedings can be found in 28 U.S.C. § 157(b)(2). Courts also conduct a two-step test, where a claim will be considered core "if (1) it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." In re Exide Techs., 544 F.3d 196, 207 (3d. Cir. 2008).

In non-core proceedings the bankruptcy judge is limited to submitting proposed findings of fact and conclusions of law to the district court unless the parties consent to trial and entry of final orders by bankruptcy judge. 28 U.S.C. § 157(c)(1). See also Wellness Int'l Network, Ltd. v. Sharif, 135 S.Ct. 1932 (2015).

*1. Conversion, Breach of Fiduciary Duty, and Unjust Enrichment are Non-Core Claims, Whereas Turnover is a Core Claim*

Since conversion, breach of fiduciary duty, and unjust enrichment allegations fall under the "related to" category of subject matter jurisdiction, each of those counts is a non-core proceeding. These causes of action do not invoke a substantive right provided by title 11 and could not only be brought in the context of a bankruptcy. Because these causes of action are not created by or determined by the Bankruptcy Code, these counts could have been brought in a different forum. Therefore, counts one, two, and four are non-core. Exide, 544 F.3d at 207 (invoking the two-step test courts utilize).

The third count of the complaint, turnover, would be considered a core claim, as it is a cause of action that arises under the Bankruptcy Code. However, as discussed below, turnover is not a cause of action that can be brought under a chapter 15, and will thus be dismissed, with prejudice. See 11 U.S.C. §§ 542, 1523(a).

C. Abstention

The Defendants next argue that the Court is mandated to abstain from hearing this proceeding or, if not required to, should permissively abstain.

Under 28 U.S.C. § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

In other words, Section 1334(c)(2) mandates that: "(1) where a timely motion is made, (2) the proceeding is based on state law, (3) the proceeding is 'related to' a Title 11 case, (4) but not 'arising under' title 11 or arising in a case under title 11," (5) the action could not have been commenced in federal court absent the bankruptcy jurisdiction, and (6) an action is already commenced and timely adjudication is possible in state court, then the court must abstain from hearing it. Balcor/Morristown Ltd. P'ship v. Vector Whippany Assocs., 181 B.R. 781, 788 (Bankr. D.N.J. 1995). All elements must be met for the court to be required to abstain.

Mandatory abstention does not apply here. First, Topoint's allegations of conversion, breach of fiduciary duty, and unjust enrichment could have been brought in federal court, outside of bankruptcy. Federal courts have subject matter jurisdiction over cases in which the parties are citizens of different states, and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. All the parties to the litigation are from different states – Topoint is headquartered in China, Henghe is headquartered in New Jersey, and Mr. Chen is believed to be domiciled in New York. Additionally, the amount in controversy exceeds the $75,000 threshold provided for in the

7

Federal Rules of Civil Procedure. Finally, there is no action pending in State Court that could be timely adjudicated. Therefore, mandatory abstention does not apply.

Moreover, the Court cannot permissively abstain from hearing a proceeding in Chapter 15 cases. See 28 U.S.C. § 1334(c)(1); Firefighters' Ret. Sys. v. Citco Grp. Ltd., 796 F.3d 520, 526-27 (5th Cir. 2015). In Firefighters', the court reasoned that district courts are statutorily barred from permissively abstaining from hearing a Chapter 15 bankruptcy case itself and cases arising in or related to Chapter 15 cases. Id. The Fifth Circuit determined the plain language and purpose of 28 U.S.C. § 1334: "If one reads the rest of the subsection after the initial clause, the subsection clearly distinguishes between a 'case' and a 'proceeding.' The 'case' arises under title 11; the statute permits a court to abstain from a 'particular proceeding' that arises under title 11 or arises in or relates to the 'case.'" Firefighters', 796 F.3d at 527. See also § 1334(c)(1); but see Abrams v. Gen. Nutrition Cos., Inc., 2006 WL 2739642, *1, *7 (D.N.J. Sept. 25, 2006) (holding that a product liability action was "related to" the Chapter 15 bankruptcy case, and thus the discretionary abstention exception did not apply).

Having determined that the Court has jurisdiction over this adversary proceeding and that it will not abstain, it turns now, to whether the individual counts meet the pleading standards of Federal Rule of Civil Procedure 12(b)(6).

### D. Failure to State a Claim

Under Rule 12(b)(6) the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. In re Student Fin. Corp., 335 B.R. 539, 545 (D. Del. 2005) (citing Fed. R. Civ. P. 12(b)(6)). A plaintiff must plead more than the possibility of relief to survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Magna Entm't Corp., 438 B.R. 380, 386 (Bankr. D. Del. 2010) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint is facially plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id.

To evaluate a complaint in light of a motion to dismiss, the court must complete a two-part analysis to determine whether dismissal is proper. First, the court must "distinguish between factual allegations and legal conclusions in the complaint." Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley, 385 Fed. App'x. 135, 140 (3d Cir. 2010) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233-34 (3d Cir. 2008); Iqbal, 556 U.S. at 678-84). Second, if the complaint sets forth well-pleaded factual allegations, the court may assume their veracity and draw inferences favorable to the non-moving party, but then must determine whether the factual allegations show an entitlement to relief. Id.

The original agreement between Solergy and Henghe (PV Modules Sales Agreement) provides that New Jersey law will govern disputes, therefore each count of the complaint will be analyzed under New Jersey law.

*1. Conversion*

Conversion is the wrongful exercise of dominion or control over the property of another, without authorization, and to the exclusion of the owner's right in that property. Chicago Title Ins. Co. v Ellis, 978 A.2d 281 (N.J. Super. Ct. App. Div. 2009). Conversion is an intentional tort where the defendant must have intended "to exercise a dominion or control over the goods which

is in fact inconsistent with the plaintiff's rights." Prosser and Keeton on Torts § 15 at 92 (5th ed.1984). However, the defendant need not knowingly or intentionally act wrongfully for a conversion to occur. Chicago, 978 A.2d at 287.

Here, Topoint has not sufficiently pled conversion. Topoint fails to demonstrate that Henghe or Mr. Chen had wrongful dominion or control over the solar panels, and, even so, that it was without the authorization of Solergy. Therefore, count 1 will be dismissed. However, Topoint will be allowed twenty-one days to amend this count of the complaint.

## 2. Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty, a party much show: (1) a fiduciary duty existed between the plaintiff and the defendant; (2) the defendant breached that duty; and (3) damages as a result of the breach. See Jeffrey Rapaport M.D., P.A. v. Robin S. Weingast & Assocs., Inc., 859 F. Supp. 2d 706, 717 (D.N.J. 2012). See also Meisel v. Grunberg, 651 F. Supp. 2d 98, 114 (S.D.N.Y. 2009).

Here, Topoint has shown that Mr. Chen owed a fiduciary duty to Solergy. "[U]nless otherwise agreed, an agent is subject to a duty not to act or to agree to act during the period of his agency for persons whose interests conflict with those of the principal in matters in which the agent is employed." Restatement (Second) of Agency § 394. The Complaint appears to allege that Mr. Chen was one of Solergy's founding members, but at the time of the alleged wrongdoing, he was an "independent consultant" for Solergy. Consultants are akin to independent contractors under agency law, with their fiduciary duties arising from an agreement or contract that provides the scope of employment and duties. See Bocek v. JGA Assocs., LLC, 537 Fed. App'x. 169, 176 (4th Cir. 2013). The Complaint alleges that Mr. Chen's responsibilities included: managing shipments of solar panels; receiving bills of landing, invoices, and similar documentation that indicated when

Solergy was due to ship and receive solar panels; and managing Solergy's inventory of solar panels. See Complaint ¶ 9. Topoint, however, fails to show that Mr. Chen breached that duty. Topoint alleges that Mr. Chen fraudulently induced the president of Solergy, Andy Fei, into signing two contracts that set out the terms under which Henghe could buy and resell solar panels from Solergy. Complaint ¶ 11. This allegation does not appear to be a breach of Mr. Chen's duties as an independent consultant. Therefore, count 2 will be dismissed. However, Topoint will be allowed twenty-one days to amend this count of the complaint.

### 3. Turnover

Section 1523 of the Bankruptcy Code states:

> (a) Upon recognition of a foreign proceeding, the foreign representative has standing in a case concerning the debtor pending under another chapter of this title to initiate actions under sections 522, 544, 545, 547, 548, 550, 553, and 724(a).

11 U.S.C. § 1523(a). The Complaint brings a turnover cause of action against the Defendants under section 542 of the Bankruptcy Code. Per the Bankruptcy Code, foreign representatives in a Chapter 15 do not have standing to bring a turnover action under section 542. Therefore, count 3 will be dismissed, with prejudice.

### 4. Unjust Enrichment

A cause of action for unjust enrichment requires proof that "defendants received a benefit and that retention of that benefit without payment would be unjust." Cty. Of Essex v. First Union Nat. Bank, 862 A.2d 1168 (N.J. Super. Ct. App. Div. 2004).

Topoint has adequately pled this cause of action against the Defendants. Topoint alleges that, at a minium, over 5.1 megawatts worth of solar panels were wrongfully transferred to Henghe from Solergy for a price of $2,137,859,20. The complaint further alleges that the Defendants did not pay Solergy who, in turn, did not pay Topoint. Complaint ¶ 1. Topoint provides invoices of

these transactions and a list of payments received by Henghe. <u>See</u> Complaint, Exhibit C. With these alleged facts, Topoint states a claim to relief that is plausible on its face. Therefore, the Motion to Dismiss will be denied as to count 4.

### III.   Conclusion

For the foregoing reasons, the Motion to Dismiss is GRANTED, in part, and DENIED, in part. The Court has subject matter jurisdiction over all counts of the complaint. Topoint's counts of (1) conversion, (2) breach of fiduciary duty, and (4) unjust enrichment are non-core proceedings. Topoint's (3) turnover action is a core proceeding, but will be dismissed, with prejudice, for lack of standing.

The Motion to Dismiss will further be granted as to counts one and two. However, Topoint will be allowed twenty-one days to amend its complaint as to these counts.

The Debtor's unjust enrichment action is adequately pled and will not be dismissed. This Court will conduct the trial of the case and will submit proposed findings of fact and conclusions of law to the District Court for de novo review with regard to this count of the complaint. Alternatively, the parties may consent to this Court making a final determination on the facts concerning this count of the complaint.

Dated:  December 19, 2017

_____
JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE