FILED
JEANNE A. NAUGHTON, CLERK
APR 02 2019
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY KR _____ DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ZHEJIANG TOPOINT PHOTOVOLTAIC CO., LTD.,<br><br>Debtor. | Case No. 14-24549 (JNP)<br><br>Chapter 15 |
| ZHEJIANG TOPOINT PHOTOVOLTAIC CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ZHI CHEN and HENGHE NORTH AMERICAN, INC.,<br><br>Defendants. | Adv. Pro. No. 16-01873<br><br>Judge: Jerrold N. Poslusny, Jr. |

## MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Before the Court is the motion (the "Motion") filed by Zhi Chen ("Chen") and Henghe North American, Inc. (collectively, the "Defendants") for reconsideration of its previous motion to dismiss the complaint ("Complaint") filed by the foreign liquidators of Zhejiang Topoint Photovoltaic Co., Ltd. ("Topoint"). Although filed as a motion for reconsideration, the grounds for relief cited in the Motion are entirely new. The Motion argues this Court lacks subject matter jurisdiction over the Chapter 15 case, and therefore, the adversary proceeding, because the liquidation proceeding in China ("Foreign Main Proceeding") has concluded. As such, the Court treats this as a motion to dismiss the Chapter 15 case for lack of subject matter jurisdiction. For the reasons discussed below, the Motion is Denied.

## I.    Background

Topoint filed a Chapter 15 petition for recognition of the Foreign Main Proceeding on July 16, 2014. Case No. 14-24549 (the "Main Case") Dkt. No. 1. This Court issued an order recognizing the Foreign Main Proceeding on August 12, 2014 (the "Recognition Order"). Main Case Dkt. No. 37. Two years later, Topoint filed the Complaint against the Defendants for conversion, turnover, unjust enrichment, as well as a claim for breach of fiduciary duty against Chen only. Dkt. No. 1. The Defendants filed a motion to dismiss arguing that the Complaint failed to state a claim upon which relief could be granted, and that the Court lacked subject matter jurisdiction, or in the alternative, that the Court should abstain from exercising its jurisdiction. Dkt. No. 4. The Court issued an opinion and order ("Previous Decision") which granted the motion to dismiss, in part, and denied it, in part. Dkt. Nos. 20 and 21. Specifically, the Court denied the motion to dismiss as to the claim for unjust enrichment, but dismissed the claims for turnover, conversion and breach of fiduciary for failure to state a claim but allowed Topoint twenty-one days to file an amended complaint as to the claims for conversion and breach of fiduciary duty. The Defendants then filed this Motion. Dkt. No. 24.[1]

The Motion states that the Defendants have received new evidence that the Foreign Main Proceeding concluded on October 14, 2014, and is now closed. Dkt. No. 24. Attached to the Motion is a certification by Chen, with translated documents from the court in China including a copy of Topoint's plan of reorganization ("Plan"), as well as a copy of the order approving the Plan. Id. According to Chen's translation, these documents show that Topoint's reorganization was concluded by order of the Foreign Court. Id. Additionally, the Motion states that the implementation and supervisory periods for the Plan have expired and that the foreign administrator has been discharged and his term complete. Id. at 10. The Motion further states that

---

[1] On January 9, 2018, Topoint filed an amended complaint in accordance with the Previous Decision. The Court stayed the Defendants' deadline to respond while this Motion is pending.

2

in 2016, Topoint was dissolved, and a new "Topoint" emerged, with a new corporate form, representatives and shareholders. See id. Each of these allegations is alleged either directly in the certification submitted by Chen or in his translation of the court documents attached to the Motion. Because of these changes, the Defendants argue that this Court now lacks subject matter jurisdiction and that Topoint lacks the standing to bring the Complaint. Id.

Topoint filed opposition (the "Opposition") arguing that the Motion fails to meet the standards under Federal Rule of Bankruptcy Procedure 9023 and that the Court still has subject matter jurisdiction given the status of the Foreign Main Proceeding. Dkt. No. 30. Attached to the Opposition is a stamped certification (the "Certification"), purportedly from the court in China dated January 16, 2018, translated by Shanghai Lawtone Trans Co., Ltd.; and a certification by Jiangang Ou ("Ou"), stating that he is the authorized signatory for the foreign representative of Topoint. Id. The translated Certification states that "Topoint was . . . authorized . . . by this Court to pursue . . . 'overseas assets' . . . ." Id. Further that the disposition of recovered assets was still subject to the Foreign Court's jurisdiction. Id. The Ou certification states that these orders are still in full force and effect. Id.

The Defendants' reply reiterates the arguments presented in the Motion and includes additional arguments that the Certification presented by Topoint is improper under Federal Rule of Evidence 804 and New Jersey Rule of Evidence 902; and may have been procured on an ex parte basis. Additionally, the Defendants' reply argues that Topoint has failed to provide this Court with updates related to the Foreign Main Proceeding and should be dismissed under the public policy exception of section 1506 of the Bankruptcy Code. Finally, the reply argues that adjudication of this case would not sufficiently protect the interest of creditors in the United States as required by section 1521 of the Bankruptcy Code. Dkt. No. 33.

3

regarding the wording of communications among courts." Id. Additionally, the Defendants noted that the Court may not have the authority to contact the Foreign Court, as Article 23 of the Civil Procedure Law of the People's Republic of China ("Article 23") requires any requests for judicial assistance to be through diplomatic channels. Specifically, the law provides that no foreign organization or individual may "serve documents or make investigations and collect evidence within the territory of . . . China." Id.

The Court found it did have authority to contact the Foreign Court pursuant to section 1525 of the Bankruptcy Code and permitted both parties input before sending a letter ("Letter"), written in English with a Mandarin translation, to the Foreign Court. Dkt. Nos. 53 and 60. As further discussed below, the Letter inquired as to the current status of the Foreign Main Proceeding and the entity, Topoint. Dkt. No. 60. The Foreign Court replied with a letter ("Reply Letter"), stating that although the case was closed, it was still supervising Topoint's execution of the Plan. Dkt. No. 62.

The Court published the Reply Letter on the Docket on February 19, 2019 and allowed the parties until March 12 to review and file any further responses. Topoint filed a response on March 12, arguing that the Reply Letter established that this Court continues to have jurisdiction. Dkt. No. 63. The Defendants filed a late response on March 20, which response attempted to introduce another order purportedly from the Foreign Court. Dkt. No. 64.

## II.   Jurisdiction

This Court has jurisdiction under 28 U.S.C. §§ 157(b)(1) and 1334(b). Venue is proper in this Court under 28 U.S.C. § 1410. This is a core proceeding under 28 U.S.C. §157(b)(2)(P). The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

### III. Discussion

The Motion argues the Court lacks subject matter jurisdiction over the Main Case because the Foreign Main Proceeding is now closed.[2] Dkt. No. 24. Although the Motion was filed in the adversary proceeding it in fact challenges the Court's jurisdiction over the Main Case. The Court must consider the Motion in that light. To grant the Motion on the grounds alleged requires the Court to find that there is no active foreign proceeding, and that the Recognition Order must be terminated.

#### A. Subject Matter Jurisdiction

Congress enacted 28 U.S.C. § 1334 pursuant to Article I, Section 8 of the United States Constitution. Section 1334 is the sole source of subject matter jurisdiction in bankruptcy. Subsection (a) grants to the district courts "original and exclusive jurisdiction of all cases under title 11," and subsection (b) grants to the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b). Although all bankruptcy jurisdiction is initially lodged in the district courts, under 28 U.S.C. § 157(a), each district court may refer to the bankruptcy court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). The District of New Jersey issued a standing order of reference to accomplish this, Standing Order of Reference as amended by "Standing Order 12-1 Reference

---

[2] This Motion should likely have been filed in the Main Case, as a motion to dismiss the entire Chapter 15 case for lack of subject matter jurisdiction. However, the Court will not place form over function and will consider the Motion despite this procedural defect. See generally, Garden State Islamic Ctr. v. City of Vineland, 358 F. Supp. 3d 377 (D.N.J. 2018).

6

to the Bankruptcy Court Under Title 11" dated September 18, 2012, which refers any and all matters covered by 28 U.S.C. § 1334 in this district to the bankruptcy court.

As such, bankruptcy courts derive subject matter jurisdiction from federal statute, rather than Article III of the Constitution. See In re Resorts Int'l, Inc., 372 F.3d 154, 161 (3d Cir. 2004). Bankruptcy courts have subject matter jurisdiction over four types of matters: "(1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under [title] 11; and (4) proceedings related to a case under [title] 11." In re Millennium Lab Holdings II, LLC, 562 B.R. 614, 621 (Bankr. D. Del. 2016). The first category, cases under title 11, refers to the bankruptcy petition itself. See In re New Century Holdings, Inc., 505 B.R. 431, 440 (Bankr. D. Del. 2014).

"A case under [chapter 15] is commenced by the filing of a petition for recognition of a foreign proceeding under section 1515." In re British Am. Ins. Co. Ltd., 488 B.R. 205, 221–22 (Bankr. S.D. Fla. 2013) (citing 11 U.S.C. § 1504). Section 1501(b) states that Chapter 15 only applies when:

> (1) assistance is sought in the United States by a foreign court or a foreign representative in connection with a foreign proceeding;
> (2) assistance is sought in a foreign country in connection with a case under this title;
> (3) a foreign proceeding and a case under this title with respect to the same debtor are pending concurrently; or
> (4) creditors or other interested persons in a foreign country have an interest in requesting the commencement of, or participating in, a case or proceeding under this title.

11 U.S.C. § 1501. Thus, it is upon recognition of a foreign proceeding that this Court's jurisdiction over the Main Case depends. See generally, British Am. Ins., 488 B.R. 205 (once the foreign proceeding is recognized, certain provisions of the Bankruptcy Code apply). As discussed in the Previous Decision, this Court's jurisdiction over the claims brought in the Complaint rests on "related to" jurisdiction, and so the Court retains jurisdiction only so long as there is a Chapter 15 Bankruptcy Case for these claims to "relate to." See Dkt. No. 20.

Section 1517(d) contemplates the question currently before this Court: a request to terminate or modify a prior recognition. In re Oi Brasil Holdings Cooperatief U.A., 578 B.R. 169, 197 (Bankr. S.D.N.Y. 2017), reconsideration denied, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) (citing In re SPhinX, Ltd., 351 B.R. 103, 116 (Bankr. S.D.N.Y. 2006), aff'd, 371 B.R. 10 (S.D.N.Y. 2007) (noting that "recognition itself is subject to review and modification under Bankruptcy Code section 1517(d).")).

Section 1517(d) provides that "[t]he provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist . . . ." 11 U.S.C. § 1517(d). As such, the statute allows for modification or termination of recognition if the moving party can show that either: 1) the basis for recognition previously presented to the Court was flawed; or 2) something has changed since recognition. Oi Brasil Holdings, 578 B.R. at 197. The language of section 1517(d) is permissive, not mandatory. Id. (citing Jama v. Immigration and Customs Enforcement, 543 U.S. 335, 346 (2005)); In re Loy, 448 B.R. 420, 438 (Bankr. E.D. Va. 2011).

The grounds for recognition of a foreign proceeding are determined under section 1517(a) of the Bankruptcy Code, which requires a court to recognize a foreign proceeding if "the proceeding is a foreign main proceeding or a foreign nonmain proceeding; the foreign representative is a person or body; and the petition meets the requirements of section 1515 of the Bankruptcy Code." In re Manley Toys Ltd., 580 B.R. 632, 637 (Bankr. D.N.J. 2018), aff'd, 2019 WL 1123284 (D.N.J. 2019), appeal docketed No. 19-1664 (3d Cir. Mar. 29, 2019) (citing 11 U.S.C. § 1517(a); In re ABC Learning Ctrs. Ltd., 728 F.3d 301, 307 (3d Cir. 2013)). The term "foreign proceeding" is defined under section 101(23) of the Bankruptcy Code

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

8

11 U.S.C. § 101(23). The Third Circuit divides this definition into seven elements:

> (i) a proceeding; (ii) that is either judicial or administrative; (iii) that is collective in nature; (iv) that is in a foreign country; (v) that is authorized or conducted under a law related to insolvency or the adjustment of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization or liquidation.

ABC Learning Ctrs., 728 F.3d at 308. The Recognition Order recognized the Foreign Main Proceeding as qualifying under section 101(23). The issue is whether the Foreign Main Proceeding ceased to qualify for recognition when it was closed, thus ending the Court's jurisdiction.

Section 101(23) requires a foreign proceeding to be conducted in such a manner that the assets and affairs of the debtor are subject to the control or supervision of a foreign court. Section 1502 of the Bankruptcy Code defines "foreign court" as "a judicial or other authority competent to control or supervise a foreign proceeding." In re Irish Bank Resolution Corp. Ltd., 2014 WL 9953792, at *15 (Bankr. D. Del. Apr. 30, 2014), aff'd, 538 B.R. 692 (D. Del. 2015). However, a court's supervision and control does not necessarily require a court's active involvement in the case, but instead may be satisfied if parties have recourse to the courts in determining any questions that arise out of the winding up of a company, or the court's authority to review to the actions of liquidators. See In re Betcorp Ltd., 400 B.R. 266, 284 (Bankr. D. Nev. 2009). The bankruptcy court ruled similarly in ABC Learning Ctrs., holding that the proceeding was supervised by a foreign court even when:

> 1) actions in the Australian courts related to liquidation proceedings are typically initiated by interested parties, 2) Australian courts give deference to a business' "commercial judgment" and do not direct the day-to-day operations of a debtor, and 3) liquidators proceed with most of their duties without court involvement.

In re ABC Learning Ctrs. Ltd., 445 B.R. 318, 332 (Bankr. D. Del. 2010), on reconsideration in part (Jan. 21, 2011), subsequently aff'd, 728 F.3d 301 (3d Cir. 2013). Indeed, this Court recently found that this element was satisfied when parties could seek court intervention in the liquidation

9

to review actions of liquidators, compel certain actions by liquidators, or to replace liquidators or members of a committee of inspection. Manley Toys, 580 B.R. at 643.

In this case, the Defendants argue that prior to the Complaint being filed in this case, the Foreign Main Proceeding had closed, and the foreign administrator had been discharged from his responsibilities, and therefore the grounds for recognition have ceased to exist. Dkt. No. 24. As noted before, the parties both submitted conflicting documents[3] and factual assessments such that the Court determined that communicating directly with the Foreign Court pursuant to section 1525 of the Bankruptcy Code was appropriate.[4] Among other things, the Letter states:

> First, we would like to know the current status of the Topoint case, if the case remains open, or has been closed. Additionally, if the case is closed, does your court retain jurisdiction . . . will your court oversee the distribution of any assets collected from the Defendants here . . . . Second, we would like to know whether the distributions are still being made to the creditors of Topoint. If the representatives are successful against the Defendants and win a money judgment here in the United States, will those funds be distributed to creditors of the liquidated original Topoint . . . .

Dkt. No. 60 at 2-3. The Reply Letter from the Foreign Court read:

> The aforementioned bankruptcy . . . was closed by the court order on October 16th, 2014. Nevertheless, "Topoint" is still reporting to this court as to the distribution of any assets recovered . . . and we are still overseeing it . . . . The distribution is still being made to the creditors of Topoint . . . . Despite of [sic] the change of the shareholders and the company name . . . "Topoint" remains the same "Topoint" and the bankruptcy and reorganization proceeding has not created a new legal entity . . . all of the creditors remain the owner of the "Overseas Assets". Therefore, any funds . . . recovered from the proceeding pending in your court will be distributed to the creditors of the original bankruptcy . . . not to "Topoint" itself.

Dkt. No. 62.

---

[3] The vast majority of these documents were originally published in Mandarin but were submitted with an accompanying translation by the submitting party.

[4] Under section 1525(b), "[t]he court is entitled to communicate directly with, or to request information or assistance directly from, a foreign court or a foreign representative, subject to the rights of a party in interest to notice and participation. 11 U.S.C. § 1525(b).

Based on the assistance received directly from the Foreign Court, the Court concludes that the Foreign Main Proceeding does continue to qualify as a foreign proceeding under section 101(23) of the Bankruptcy Code. The Reply Letter states that despite the Foreign Main Proceeding being "closed," the Foreign Court is still overseeing matters. This is similar to many chapter 11 cases in the United States. Courts often close a Chapter 11 case after confirmation of a plan, but litigation in other forums continue, distributions are made to creditors according to the plan, and the bankruptcy court retains jurisdiction over the case. See Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997) (Bankruptcy court did not abuse its discretion in reopening closed Chapter 11 case and converting it into Chapter 7 case, where debtors failed to make payments to unsecured creditors as plan required); In re Johnson, 402 B.R. 851 (Bankr. N.D. Ind. 2009) (That the debtor had not completed his plan payments or received a discharge did not prevent his case from being fully administered under § 350(a), the case can be closed early to reduce costs and fees being accumulated needlessly.) Indeed, courts retain jurisdiction to oversee disputes, and the case may even be reopened to oversee related adversary proceedings. See Donaldson, 104 F.3d at 551.

The Reply Letter states that the Foreign Court is still overseeing matters, including the collection and distribution of assets to creditors of Topoint, and that any assets collected through this adversary proceeding will be distributed to the creditors of Topoint under the supervision of the Foreign Court, in an administrative or judicial proceeding that is collective in nature for the purpose of liquidating or reorganizing Topoint. As such, the Court finds that the Foreign Main Proceeding continues to qualify as a foreign proceeding under section 101(23); and that this Court still has subject matter jurisdiction over the Main Case, and therefore this adversary proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(P).

### B. Remaining Arguments

As noted, the Defendants filed a late response which attached an Order from the Foreign Court stating that "civil actions related to the debtor can only be filed with the [court that accepts the bankruptcy petition]." Dkt. No. 64. The translation of that order from Mandarin to English was also attached ("Translated Order"). Id. However, even if the Court were to consider the late response, it would not alter the Court's decision for several reasons.

To begin, the Translated Order requiring all actions involving a debtor be filed in the court handling its liquidation is not an uncommon provision in liquidation law, but usually does not apply to actions involving overseas assets. For example, section 362 of the Bankruptcy Code, requires any actions against a debtor be brought in the bankruptcy court where the debtor filed its petition. In re Abreu, 527 B.R. 570, 578–79 (Bankr. E.D.N.Y. 2015). However, this does not apply to certain actions which are required to be brought in other courts, particularly those brought by the Debtor, in an attempt to recover assets held in foreign countries. See generally, 11 U.S.C. § 362; In re Abreu, 527 B.R. at 578–79 (Section 362 does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate.)

Additionally, Chapter 15 seeks to accomplish the primary goals of an ancillary proceeding through a legal regime that reconciles three related concepts: "recognition of foreign insolvency proceedings; access to judicial proceedings in the United States by duly appointed foreign representatives of foreign proceedings; and availability of specified relief upon recognition of the foreign proceeding." 8 Collier on Bankruptcy ¶ 1501.01 (16th ed. 2018) (emphasis added). Thus, to adopt the Defendants' argument, would be to nullify one of the primary goals of Chapter 15. The Court does not read the Translated Order as stating that the foreign representatives cannot bring any actions in foreign countries, as this could cripple the effectiveness of recognizing any Chapter 15 cases from China.

12

Moreover, although the Defendants' reply states that "Defendants have only recently been provided with the information," the Translated Order is dated June 25, 2018.[5] More importantly, this Court's correspondence with the Foreign Court was after the Translated Order was entered and nothing in the Reply Letter indicates that the adversary proceeding was brought improperly. The Reply Letter states that the Foreign Court is aware that there was a proceeding before this Court to recover assets, and that any funds recovered from such action would be distributed to creditors of Topoint. Id. Therefore, the Court finds the Translated Order does not apply to this proceeding.

Lastly, Topoint's Plan, as translated and submitted to this Court by the Defendants, contemplates actions in foreign countries to recover assets. See Dkt. No. 24. As translated by Chen the Plan states that Topoint is responsible for the recovery and distribution of overseas assets and that "Topoint shall actively advance the recovery of the oversea (sic) assets and report the progress to court." Dkt. No. 24 at 17. This indicates that the Foreign Court contemplated actions in other countries, that Topoint was responsible for bringing such actions, and that the Foreign Court would be receiving reports on the progress of such actions. Thus, the Court is not persuaded by the Defendants' argument.[6]

As to the Defendants' remaining arguments, the Court finds, based upon the Reply Letter, that granting Topoint relief and permitting the adversary proceeding to continue will sufficiently protect the interest of creditors, including those located in the United States; and that any assets collected through this adversary proceeding will be distributed to the creditors of Topoint. The Court finds that "Topoint" has standing to bring these actions, based upon the certifications submitted to this Court.

---

[5] The Defendants previously attached multiple documents from the Foreign Court, showing that the Defendants likely had access to this Order shortly after it was docketed by the Foreign Court.
[6] Nothing in this Opinion or the corresponding order bars the Defendants from presenting this issue to the Foreign Court.

Finally, the Court finds the Defendants failed to establish any basis to revisit the Recognition Order based on the public policy exception of section 1506 of the Bankruptcy Code. In fact, Topoint's actions appear to be consistent with the United States public policy of maximizing assets for distribution to creditors, and not manifestly contrary to public policy.

### IV. Conclusion

For the foregoing reasons, the Motion is DENIED.

Dated: April 2, 2019

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE